IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-89-BO

ROGER PADGETT, )
)
Plaintiff, )
)
v. ) ORDER
)
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
)
Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 4, 2016, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on January 15, 2008, alleging disability since April 30, 2007. Plaintiff's onset date was later amended to November 21, 2007. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued a partially unfavorable ruling. Tr. 23. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

On November 20, 2011, this Court on a motion by the Commissioner remanded the case under sentence four of 42 U.S.C. § 405(g) for further proceedings. No. 7:10-CV-248-BO; Tr. 581. A second hearing was held before an ALJ and the ALJ issued a fully unfavorable decision. Tr. 595. The Appeals Council then vacated the decision of the ALJ and remanded the matter for further proceedings. Tr. 615. A third hearing was held before an ALJ, who again issued an unfavorable ruling. Tr. 487. Plaintiff then filed the instant action after notifying the Appeals Council of his intent to appeal.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined at step one that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his amended alleged onset date. Plaintiff's depression, anxiety, bipolar disorder, and diabetes mellitus were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform the full range of medium exertional work with non-exertional limitations. The ALJ then found that plaintiff could return to his past relevant work as a tree trimmer helper, and alternatively that there were other jobs in the national

economy that plaintiff could perform, including hand packager, laundry worker, and cleaner. Thus, the ALJ determined that plaintiff was not disabled as of the date of her opinion.

The ALJ's decision in this instance is not supported by substantial evidence.[1] The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p.

In 2009, plaintiff's treating psychiatrist, Dr. Sriraman, opined that plaintiff's major depressive disorder would make him unable to meet the competitive standards to engage in nine out of ten areas of work. Tr. 446-48. Dr. Sriraman further opined that plaintiff's response to treatment had been poor and that he would be incapable of performing even low stress jobs. *Id.* The first ALJ to consider this matter relied on such opinion when finding plaintiff to be disabled beginning June 15, 2009, because he found that plaintiff met the requirements of Listing 12.04C. Tr. 34. Substantial evidence supports such a finding, and it is highly probative of disability during that time as is relevant to the current decision.

In 2010, 2011, and 2012, plaintiff continued to suffer from mental health issues and was prescribed psychotropic medications. Dr. Sriraman's treatment notes reveal that plaintiff was

[1] The second and final ALJ to consider plaintiff's case, whose decision this Court reviews, took issue with the Appeals Council's order of remand, noting that the Appeals Council order was without legal basis. Tr. 487. Whether or not the Appeals Council's decision to remand was correct does not affect this Court's duty to determine whether substantial evidence, including the probative evidence of a prior ALJ's decision, supports the most recent ALJ's decision; the decision of the ALJ must reasonably be perceived as fundamentally fair. *Albright v. Comm'r. of Soc. Sec. Admin.*, 174 F.3d 473, 477-78 (4th Cir. 1999).

chronically depressed and had poor results on medications, Tr. 883; that plaintiff was withdrawn and dysphoric, Tr. 884; and that he remained on psychotropic medications and was compliant with the prescribed regimen. *See e.g.* Tr. 1008, 1009, 1014. Although plaintiff showed signs of improvement over the years, he was assessed in 2014 with a Global Assessment of Functioning score of 50, indicating serious symptoms or any serious difficulty in social, occupational, or school functioning (e.g., no friends, unable to keep a job),[2] Tr. 1025, and Dr. Sriraman noted that plaintiff's response to treatment overall had been guarded, that plaintiff had reduced psychomotor activity, and that he could become extremely anxious and irritable resulting in immobilization. Tr. 1046. Dr. Sriraman reaffirmed his 2009 opinion that plaintiff would have difficulty performing even loss stress jobs and had marked difficulties in maintaining concentration in 2010, 2012, and 2014. Tr. 870-71, 940, 1033.

The bases for the ALJ's discounting of Dr. Sriraman's opinions are not persuasive contrary evidence. First, the ALJ found that plaintiff had not been compliant with Dr. Sriraman's treatment regimen. As noted above, plaintiff remained compliant with his prescribed medications, and Dr. Sriraman's recommendations that plaintiff engage in more physical activity and try to socialize more are not prescriptions. *See, e.g.*, SSR 02-1p. Further, if "noncompliance is ultimately to be found the basis for denying benefits, it must be found on the basis of a more particularized inquiry than that made here." *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985).

The ALJ characterized Dr. Sriraman's notes as suggesting that plaintiff's primary problems were lack of motivation and lack of physical activity. Tr. 497. This statement is

[2] American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. text revision 2000).

plainly contradictory to the pages of treatment notes in the record where Dr. Sriraman finds plaintiff to be disabled, to suffer from chronic anxiety and depression, and to need constant reassurance. Concurrent therapy notes reflect that plaintiff suffered from hopelessness, isolation, constant worry, and difficulty concentrating. Tr. 1020.

The ALJ found that the record did not demonstrate that plaintiff's condition was totally debilitating. Tr. 496. This is not the appropriate standard. A claimant need not be found to be totally debilitated by his condition in order to be disabled, but rather must be found to be unable to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Even assuming that the ALJ correctly determined that plaintiff did not continue to meet the criteria for Listing 12.04C after 2009, when the proper weight is afforded to Dr. Sriraman's opinions, substantial evidence supports the conclusion that plaintiff cannot perform work on a regular and continuing basis and is therefore disabled.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence

would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained her rationale but applied the incorrect standard and there is not substantial evidence to support her decision. Where, as here, a matter has been pending for eight years and has been remanded by this Court once and remanded by the Appeals Council a second time, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate. *Breeden*, 493 F.2d at 1011.

CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 34] is GRANTED and defendant's motion for judgment on the pleadings [DE 37] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 1 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE